UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-294-01 |
| | § | |
| JIMMY HUERTA | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 USC § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case:

### Findings of Fact

[ ]   A.   Findings of Fact [18 USC § 3142(e), § 3142(f)(1)].

   [ ]   (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

      [ ]   a crime of violence as defined in 18 USC § 3156(a)(4).

      [ ]   an offense for which the maximum sentence is life imprisonment or death.

      [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

      [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 USC § 3142(f)(1) (A)-(C), or comparable state or local offenses.

   [ ]   (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ]   (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ]    (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]  B.  Findings of Fact [18 USC § 3142(e)]

   [ ]   (1) There is probable cause to believe that the defendant has committed an offense

      [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a). ( ) § 841 (a)(1)

      [ ]   under 18 USC § 924(c).

   [ ]   (2) The defendant has not rebutted the presumption established by finding number (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

[X]  C.  Findings of Fact [18 USC § 3142(f)(2)]

   [X]   (1) Defendant has an admitted substance abuse problem. Defendant has failed to comply with conditions of his pretrial release, namely participating in inpatient substance abuse therapy and counseling.

   [X]   (2) There is a serious risk that the defendant will flee.

   [ ]   (3)

   [ ]   (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 USC § 3142(c)]

   [ ]   (1) As a condition of release of the defendant, bond was set as follows:

   [ ]   (2)

   [X]   (3) I find that there is no condition or combination of conditions set forth in 18 USC § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [ ]   (4)

   [ ]   (5) I find that there is no condition or combination of conditions set forth in 18 USC § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the criminal indictment, information in the Pretrial Services Agency report, and the credible testimony and information submitted at the detention hearing establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure either the appearance of the defendant if the defendant is released pending trial.

I conclude that the following factors are present under 21 USC § 3142 (g) and are to be taken into account:

1. Defendant has an admitted substance abuse problem.

2. Defendant is charged with making false statements during the purchase of a firearm. Defendant was released pending trial on a $30,000 unsecured bond and ordered to attend inpatient substance abuse therapy and counseling.

3. During treatment, Defendant tested once positive for drug use.

4. During treatment, Defendant failed to report to the treatment facility after a furlough and a warrant was issued for his arrest.

5. After failing to report to the treatment facility, Pretrial Services was not able to contact Defendant at the telephone number he had given, and Defendant's mother, his Third Party Custodian, did not know his whereabouts.

6. Although Defendant turned himself in to Pretrial Services, he admitted he did so in a belief that he would be eligible for probation, even if convicted of the crime of which he is accused.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceedings.

SIGNED at Houston, Texas, this 18th day of August, 2011.

George C. Hanks Jr.
United States Magistrate Judge